# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 16-0308V
### Filed: September 8, 2017
UNPUBLISHED

| | |
|---|---|
| ALAN L. JONES,<br><br>                 Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Guillain-<br>Barre Syndrome (GBS) |

*Lawrence R. Cohan, Anapol Weiss, Philadelphia, PA, for petitioner.*
*Jennifer L. Reynaud, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On March 9, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleged that he suffered Guillain-Barré syndrome ("GBS") as a result of an influenza ("flu") vaccine administered on October 16, 2014. Petition at preamble. The case was assigned to the Special Processing Unit ("SPU") of the Office of Special Masters.

On August 18, 2017, the undersigned issued a ruling on entitlement, finding petitioner entitled to compensation for GBS. On September 7, 2017, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded a lump sum payment of $341,270.93, representing compensation for life care expenses expected to be incurred during the first year after judgment ($87,067.33), lost earnings ($67,554.68), pain and suffering ($172,260.31), and past unreimbursable expenses

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

($14,388.61); $732.16 to satisfy two State of Florida Medicaid liens; and an amount sufficient to purchase an annuity contract, as described in Proffer Section II.D.  Proffer at 1-5.  In the Proffer, respondent represented that petitioner agrees with the proffered award.  *Id.*

Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.[3]  Accordingly, pursuant to the terms stated in the attached Proffer, the undersigned awards:

**A.  A lump sum payment of $341,270.93, representing compensation for life care expenses expected to be incurred during the first year after judgment ($87,067.33), lost earnings ($67,554.68), pain and suffering ($172,260.31), and past unreimbursable expenses ($14,388.61), in the form of a check payable to petitioner, Alan L. Jones.**

**B.  A lump sum payment of $717.36, representing compensation for satisfaction of a State of Florida Medicaid lien, payable jointly to petitioner and**

Agency for Health Care Administration
Florida Medicaid Casualty Recovery Program
P.O. Box 12188
Tallahassee, FL 32317-2188
Case #: 640160

Petitioner agrees to endorse this payment to the State.

**C.  A lump sum payment of $14.80, representing compensation for satisfaction of a State of Florida Medicaid lien, payable jointly to petitioner and**

The Rawlings Company
ATTN: Kevin E. James J.D.
Ref. No.: 76537760
P.O. Box 2000
LaGrange, KY 40031-2000

Petitioner agrees to endorse this payment to the State.

**D.  An amount sufficient to purchase the annuity contract described in the Proffer Section II.D.**

---

[3] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.  Proffer at 3 n.2.

The clerk of the court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| ALAN L. JONES, | |
| Petitioner, | |
| v. | No. 16-308V |
| | Chief Special Master Dorsey |
| SECRETARY OF HEALTH AND | ECF |
| HUMAN SERVICES, | |
| Respondent. | |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On March 9, 2016, Alan L. Jones ("petitioner") filed a petition for compensation

("Petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -

34 ("Vaccine Act" or "Act"), as amended. Respondent did not contest petitioner's entitlement to

compensation in his Rule 4(c) Report, filed on August 18, 2017. On August 18, 2017, the Chief

Special Master found petitioner entitled to compensation.

**I.**     **Items of Compensation**

    A.     Life Care Items

Respondent engaged life care planner Linda Curtis, RN, MS, CCM, CNLP, and petitioner

engaged Roberta Hurley, B.S., Ed., to provide an estimation of Alan L. Jones's future vaccine-

injury related needs. All items of compensation identified in the life care plan are supported by

the evidence, and are illustrated by the chart entitled Appendix A: Items of Compensation for

Alan L. Jones, attached hereto as Tab A.[1] Respondent proffers that Alan L. Jones should be

---

[1] The chart at Tab A illustrates the annual benefits provided by the life care plan. The annual benefit years run from the date of judgment up to the first anniversary of the date of judgment, and every year thereafter up to the anniversary of the date of judgment.

awarded all items of compensation set forth in the life care plan and illustrated by the chart attached at Tab A. Petitioner agrees.

B.    Lost Earnings

The parties agree that based upon the evidence of record, Alan L. Jones has suffered past loss of earnings and will suffer a loss of earnings in the future. Therefore, respondent proffers that Alan L. Jones should be awarded lost earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(A). Respondent proffers that the appropriate award for Alan L. Jones's lost earnings is $67,554.68. Petitioner agrees.

C.    Pain and Suffering

Respondent proffers that Alan L. Jones should be awarded $172,260.31 in actual and projected pain and suffering. This amount reflects that any award for projected pain and suffering has been reduced to net present value. See 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

D.    Past Unreimbursable Expenses

Evidence supplied by petitioner documents Alan L. Jones's expenditure of past unreimbursable expenses related to his vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $14,388.61. Petitioner agrees.

E.    Medicaid Lien

Respondent proffers that Alan L. Jones should be awarded funds to satisfy two State of Florida liens for a total amount of $732.16, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action that the State of Florida may have against any individual as a result of any Medicaid payments the State of Florida has made to or on behalf of Alan L. Jones from the date of his eligibility for benefits through the date of judgment in this

case as a result of his vaccine-related injury suffered on or about October 16, 2014, under Title

XIX of the Social Security Act.  Petitioner agrees to endorse these payments to the State.

## II.   **Form of the Award**

The parties recommend that the compensation provided to Alan L. Jones should be made

through a combination of lump sum payments and future annuity payments as described below,

and request that the Chief Special Master's decision and the Court's judgment award the

following:[2]

A.  A lump sum payment of $341.270.93, representing compensation for life care

expenses expected to be incurred during the first year after judgment ($87,067.33), lost earnings

($67,554.68), pain and suffering ($172,260.31), and past unreimbursable expenses ($14,388.61),

in the form of a check payable to petitioner, Alan L. Jones.

B.  A lump sum payment of $717.36, representing compensation for satisfaction of a

State of Florida Medicaid lien, payable jointly to petitioner and

> Agency for Health Care Administration
> Florida Medicaid Casualty Recovery Program
> PO Box 12188
> Tallahassee, FL   32317-2188
> Case #: 640160

C.  A lump sum payment of $14.80, representing compensation for satisfaction of a State

of Florida Medicaid lien, payable jointly to petitioner and

> The Rawlings Company
> ATTN: Kevin E. James J.D.
> Ref. No.: 76537760
> PO Box 2000
> LaGrange, KY   40031-2000

---

[2]  Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

D.  An amount sufficient to purchase an annuity contract,[3] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A, attached hereto, paid to the life insurance company[4] from which the annuity will be purchased.[5]  Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner, Alan L. Jones, only so long as Alan L. Jones is alive at the time a particular payment is due.  At the Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly, annual or other installments.  The "annual amounts" set forth in the chart at Tab A describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

1.   Growth Rate

Respondent proffers that a three percent (3%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life care items.  Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: three percent (3%) compounded annually from the date of

---

[3]  In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[4]  The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve.  The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

   a.  A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

   b.  Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

   c.  Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

   d.  Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items.  Petitioner agrees.

>    2.    <u>Life-contingent annuity</u>

Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as he, Alan L. Jones, is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Alan L. Jones's death.

>    3.    <u>Guardianship</u>

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

**III.    Summary of Recommended Payments Following Judgment**

>    A.    Lump Sum paid to petitioner, Alan L. Jones:        **$341,270.93**
>
>    B.    First Medicaid lien:                            **$    717.36**
>
>    C.    Second Medicaid lien:                          **$     14.80**
>
>    D.    An amount sufficient to purchase the annuity contract described above in section II.C.

>                    Respectfully submitted,
>
>                    CHAD A. READLER
>                    Acting Assistant Attorney General
>
>                    C. SALVATORE D'ALESSIO
>                    Acting Director
>                    Torts Branch, Civil Division
>
>                    CATHARINE E. REEVES
>                    Deputy Director
>                    Torts Branch, Civil Division

---

[5] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

HEATHER L. PEARLMAN
Assistant Director
Torts Branch, Civil Division

/s Jennifer L. Reynaud
JENNIFER L. REYNAUD
Trial Attorney
Torts Branch, Civil Division
U. S. Department of Justice
P.O. Box l46, Benjamin Franklin Station
Washington, D.C.  20044-0146
Direct dial: (202) 305-1586

Dated: September 7, 2017

**Appendix A:  Items of Compensation for Alan L. Jones**                    Page 1 of 1

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 | Compensation Years 2-Life |
|---|---|---|---|---|---|
| | | | | 2017 | 2018-Life |
| Medicare Part B Deductible | 5% | * | | | |
| Medigap | 5% | | M | 2,221.08 | 2,221.08 |
| Medicare Part D | 5% | | M | 2,152.06 | 2,152.06 |
| Internist | 5% | * | | | |
| Cardiologist | 5% | * | | | |
| Neurologist | 5% | * | | | |
| Homecare | 3% | | M | 33,945.00 | 33,945.00 |
| PT | 3% | * | | | |
| Power WC | 3% | * | | | |
| Gel Seat | 3% | | | 218.00 | 218.00 |
| Rollator | 3% | | | 168.82 | 33.76 |
| Bath Bench | 3% | | | 86.98 | 17.40 |
| Universal Cuff | 3% | | | 40.21 | 40.21 |
| Lift Chair | 3% | | | 363.55 | 36.36 |
| Transfer Board | 3% | | | 187.00 | 37.40 |
| Bedside Table | 3% | | | 127.00 | 12.70 |
| Adj Bed | 3% | | | 723.00 | 72.30 |
| Home Bed Assist Handrail | 3% | | | 63.89 | 6.39 |
| Modified Van | 3% | | | 46,114.40 | |
| Raised Toilet Seat | 3% | | | 29.99 | 6.00 |
| Depends | 3% | | M | 351.35 | 351.35 |
| Urinals | 3% | | | 71.04 | 71.04 |
| Gloves | 3% | | | 27.50 | 27.50 |
| Disp Pads | 3% | | | 176.46 | 176.46 |
| Lost Earnings | | | | 67,554.68 | |
| Pain and Suffering | | | | 172,260.31 | |
| Past Unreimbursable Expenses | | | | 14,388.61 | |
| Medicaid Lien | | | | 717.36 | |
| Annual Totals | | | | 341,988.29 | 39,425.01 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner for Yr 1 life care expenses ($87,067.33), lost earnings ($67,554.68), pain and suffering ($172,260.31), and past unreimbursable expenses ($14,388.61): $341,270.93.
As soon as practicable after entry of judgment, respondent shall make the following payment jointly to petitioner and the lienholder, as reimbursement of the state's Medicaid lien: $717.36.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in twelve monthly installments totaling the annual amount indicated.