# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-0308V
Filed: June 22, 2018
UNPUBLISHED

|  |  |
|---|---|
| ALAN L. JONES,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Lawrence R. Cohan*, Anapol Weiss, Philadelphia, PA, for petitioner.
*Jennifer Leigh Reynaud*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On March 9, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleged that he suffered Guillain-Barré syndrome ("GBS") as a result of an influenza ("flu") vaccine administered on October 16, 2014. Petition at preamble. On September 8, 2017, the undersigned issued a decision awarding compensation to petitioner based on the respondent's proffer. (ECF No. 41).

On March 12, 2018, petitioner filed a motion for attorneys' fees and costs. (ECF No. 48). Petitioner requests attorneys' fees in the amount of $40,992.50 and attorneys' costs in the amount of $15,937.76. *Id.* at 2. In compliance with General Order #9,

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses. *Id.* at 2. Thus, the total amount requested is $56,930.26.

On March 22, 2018, respondent filed a response to petitioner's motion. (ECF No. 49). Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3.

Petitioner has filed no reply.

The undersigned has reviewed the billing records submitted with petitioner's request. In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the requested hours or rates, with the following exception regarding attorney costs.

The billing invoices submitted for attorney costs include hotel accommodations in Atlanta from Friday, March 17, 2017 through Sunday, March 19, 2017. However, attorney billing records show that Mr. Carney billed time working on this case only on Friday, March 17, 2017.[3] Mr. Carney did not bill for work performed on this case on any additional days during his time in Atlanta. Therefore the second night of room charges are not compensable. Due to the extended stay in Atlanta, and additional day of parking was incurred. The undersigned will reduce the request for costs regarding the second night of hotel charges and taxes associated with those charges and the additional day of parking.[4] This results in a reduction of costs requested by $275.40.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs in the reduced amount.

**Accordingly, the undersigned awards the total of $56,654.86[5] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Lawrence R. Cohan.**

---

[3] The invoice submitted for this charges reflects a total of $513.60. (ECF 48-1 at 50). One night hotel plus associated taxes is $241.50.

[4] Receipts indicate parking was charged at $24 a day for three days.

[5] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

The clerk of the court shall enter judgment in accordance herewith.[6]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.